**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **MELISSA SOUTHERLAND,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CASE NO. _21-1184_____** |
| | § | **JURY TRIAL REQUESTED** |
| | § | |
| **CENTRAL TEXAS IRON** | § | |
| **WORKS, INC.,** | § | |
| *Defendant.* | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff, MELISSA SOUTHERLAND, complaining of Defendant, CENTRAL TEXAS IRON WORKS, INC., and in support of this Complaint, Plaintiff shows the Court as follows:

### I. STATEMENT OF CASE

1.     Melissa Southerland, Plaintiff herein, brings this action against Central Texas Iron Works, Inc., Defendant herein, for Defendant's failure to pay overtime wages in violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, *et seq.*

### II. PARTIES

2.     Plaintiff, Melissa Southerland, is an adult citizen of Texas.

3.     Defendant, Central Texas Iron Works, Inc., is a corporation doing business in Texas that employed Plaintiff. Defendant may be served with process

through its Registered Agent, Kurt Harwell, at 1100 Winchell Dr., Waco, Texas 76712.

## III. JURISDICTION

4.     This Court has jurisdiction over the subject matter of this action pursuant to 29  U.S.C. § 201, *et seq*. (FLSA) and 28 U.S.C. § 1331 (federal question jurisdiction).

## IV. VENUE

5.     Venue is proper in this district under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in this district. Plaintiff was hired in this district; Plaintiff worked in this district for Defendant at all times relevant to the causes of action alleged herein; and the conduct of Defendant which is the subject of this suit all occurred in this district.

## V. FACTUAL BACKGROUND

6.     Defendant, Central Texas Iron Works, Inc., is an industrial structural steel fabricator.

7.     Plaintiff commenced employment with Defendant on or about February 21, 2014, and she worked as an employee for Defendant until October 15, 2021.

8.     At all times relevant to this action, Defendant was the employer of Plaintiff as defined by the FLSA at 29 U.S.C. § 203(d).

9.     At all times relevant to this action, Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e).

10.    At all times relevant to this lawsuit, Defendant and its employees,

including Plaintiff, were engaged in commerce within the meaning of 29 U.S.C. § 203(b) of the FLSA.

11.     At all times relevant to this lawsuit, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000, and its employees, including Plaintiff, handle and sell goods that have been moved in or been produced for commerce. 29 U.S.C. § 203(s)(1).

12.     At all times relevant to this lawsuit, Plaintiff was an individual employee of Defendant who was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13.     On or about October 8, 2021, Defendant notified Plaintiff that Defendant would be reclassifying Plaintiff's position from exempt to non-exempt under the FLSA. When Defendant reclassified Plaintiff's job from exempt to non-exempt, Defendant acknowledged that the job was "clerical" and not a "management" position. Defendant changed no duties of the position when the reclassification occurred. As such, Defendant had misclassified Plaintiff in the preceding years. Plaintiff had been working significantly more than forty hours per week in those years but was not, and has not been, compensated by Defendant for such overtime work.

14.     Plaintiff worked for Defendant as a payroll employee. She did not manage any employees and the primary duties of her position involved clerical and data entry duties. She reported to the Payroll Supervisor, Randall Sandager.

15.     Under the supervision of the Payroll Supervisor, Plaintiff handled

payroll duties such as the data upload of payroll hours to the payroll systems, e-mailing hours of temporary employees to temporary staffing agencies, monthly benefit invoicing, entering new employees into benefits websites, sending out COBRA notices to former employees, uploading information to the company's 401k provider, entering inventory in spreadsheet and submitting inventory report to supervisor, and handling miscellaneous tasks and assignments from supervisors in the office.

16.    Defendant was both aware of and benefitted from Plaintiff's work in excess of forty hours each week.

17.    Despite working more than forty hours per week, Defendant failed to pay overtime compensation to Plaintiff.

18.    Defendant failed to accurately keep and maintain time records for all the hours Plaintiff worked.

19.    Defendant paid Plaintiff a salary and classified her as an exempt employee.

20.    Defendant improperly classified Plaintiff as exempt from the FLSA's overtime pay requirements.

21.    Plaintiff was not exempt from the overtime pay requirements as no exemption applies to Plaintiff.

## VI. CAUSES OF ACTION

**Violation of the Fair Labor Standards Act (Failure to pay overtime wages)**

22.    Plaintiff incorporates herein all allegations made in sections I-V above.

23.    At all times material herein, Plaintiff has been entitled to the rights,

protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

24.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or employed in an enterprise engaged in commerce.  29 U.S.C. § 207(a)(1).

25.     Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

26.     Defendant failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 201 *et seq*., and its implementing regulations.

27.     Defendant's failure to pay proper overtime wages for each hour worked over 40 hours per week was willful within the meaning of the FLSA.

28.     Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages and other damages. Plaintiff is entitled to recover overtime compensation at a rate of one and one-half Plaintiff's regular rate of pay.

29.     Plaintiff is entitled to damages equal to the overtime pay from November 16, 2018 through October 16, 2021.

30.     Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid overtime pay.

31.     All conditions precedent to this lawsuit have occurred.

## VII. DAMAGES

32.     Plaintiff seeks to recover lost overtime pay from November 16, 2018 through October 16, 2021.

33.     Plaintiff hereby sues for recovery of damages to the full extent allowed by the FLSA.

## VIII.

## LIQUIDATED DAMAGES

34.     Defendant's unlawful act(s) in failing to pay overtime wages was not done in good faith. Nor did Defendant have reasonable grounds to believe that such actions and omissions were not a violation of the FLSA. As a result, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid overtime pay under the FLSA.

## IX.

## ATTORNEY'S FEES

35.     Plaintiff has also had to employ attorneys to vindicate her rights under the law, and therefore seek recovery of reasonable and necessary attorney fees, costs, and expert fees.

## X.

## DEMAND FOR JURY TRIAL

36.     Plaintiff demands a trial by jury of all claims and issues in this cause.

## PRAYER

WHEREFORE, Plaintiff requests the Defendant be cited to appear and

answer, and that on final hearing Plaintiff recover all actual and liquidated damages to which she is entitled, plus her reasonable and necessary attorneys' fees, costs of court, and all such other relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*Joel Shields*

Michael L. Scanes
State Bar No. 17701000
scanes@scanesrouth.com
Joel Shields
State Bar No. 24041907
shields@scanesrouth.com

SCANES & ROUTH, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 Fax

***Attorneys for Plaintiff,
Melissa Southerland***